FILED
SUPERIOR COURT
OF GUAM

2020 MAR 10 PM 12: 34

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0063-20 |
| vs. | **DECISION AND ORDER** |
| **ESI SIMION ESIRON aka Esi Esi aka Chispina Soran,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 4, 2020, for hearing on Defendant ESI SIMION ESIRON aka Esi Esi aka Chispina Soran's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel, Assistant Public Defender Kristine Borja, and Assistant Attorney General Renaida San Nicolas was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on March 4, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On February 6, 2020, Defendant was charged with Family Violence (As a Misdemeanor); Violation of a Court Order (As a Misdemeanor); and Child Abuse (As a Misdemeanor). (Magistrate's Compl., Feb. 6, 2020). These charges stem from allegations that on or about February 5, 2020, Defendant began to "act up" and became jealous that his ex-girlfriend Nepukun

Kikku had other boyfriends. (Decl. of Richelle Y. Canto, Magistrate's Compl., Feb. 6, 2020). This occurred after Defendant and Ms. Kikku arrived at Ms. Kikku's grandmother's house to pick up their son. *Id.* Ms. Kikku indicated that she became fearful for her physical safety when Defendant threatened her, saying "if you're late, I'll kill your mom, grandma and you." *Id.* GPD officers who responded to the scene were told that Defendant was leaving the area. *Id.* Officers followed the vehicle and pulled it over. *Id.* They discovered Defendant operating the vehicle with two minor children on board. *Id.* The officers observed Defendant's eyes were red and watery, and that there was an odor of an intoxicating beverage. *Id.* Officers noted that the vehicle was not currently registered, that it was not insured, and that it belonged to Matson Navigation Company. *Id.* Defendant is currently on probation in CF0428-19, whereby one of the conditions of probation is to refrain from harassing, assaulting, or threatening Ms. Kikku. *Id.*

On February 12, 2020, Defendant asserted his right to a speedy trial. Jury Selection and Trial is currently set for March 25, 2020.

On February 17, 2020, Defendant orally moved for his release on personal recognizance. The Government opposed, and the Court denied the oral Motion. On February 25, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant remains confined on $3,000 cash bail. *See* Commitment Order, Feb. 6, 2020. The Government did not file a response.

**DISCUSSION**

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the three thousand dollars ($3,000) cash bail. *See generally*, Mot. Bail Redetermination, Feb. 25, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)      length of his/her residence on Guam;

    (ii)    his/her employment status and history, and financial condition;

    (iii)   his/her family ties and relationships;

    (iv)   his/her reputation, character and mental and physical condition;

    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)   his/her history relating to drug or alcohol abuse;

    (vii)  the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)   his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person in the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-nine (29) year old life-long resident of Guam and a U.S. citizen. (Mot. Bail Redetermination at 4). Defendant argues that he is not a flight risk because his children and friends are all on Guam, and he does not have resources in any other location. *Id.* Defendant notes that he has a moderate ORAS score, but denies that he ever made a threat to Ms. Kikku. *Id.* Defendant sets forth that they only argued about money and that he dropped her at home. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community and Defendant's ability to comply with Court orders. In CF0428-19, Defendant plead guilty to Aggravated Assault (As a Third Degree Felony) and one count of Family Violence (As a Misdemeanor), where the victim was also Ms. Kikku. Although Defendant was permitted to have limited contact with Ms. Kikku, he was ordered not to harass, assault, or threaten Ms. Kikku. *See* Judgment (CF0428-19), Oct. 1, 2019. Among other conditions imposed by the Court for the duration of Defendant's probation, Defendant was also ordered not to drink alcohol, and to obey all the laws of Guam. Defendant changed his plea in September 2019. Five months later,

he is now accused of threatening to kill the same victim, Ms. Kikku, and it is alleged that he was intoxicated during this incident. *See* Decl. of Richelle Y. Canto, Magistrate's Compl., Feb. 6, 2020. Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community and his ability to comply with court orders. This decision, however, does not preclude Defendant from requesting release with third-party custodians or release on electronic monitoring in the future.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. The parties shall return for a Pre-Trial Conference on March 17, 2020 at 8:30 a.m. Jury Selection and Trial remains set for March 25, 2020 at 1:30 p.m.

**IT IS SO ORDERED** this 10th day of March, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

AG, PDSC

Date 3-10-20 Time 1pm

Deputy Clerk, Superior Court of Guam